UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SHELL BEACH LITERARY SOCIETY, INC.    *    CIVIL ACTION

versus    *    NO. 06-10451
    (c/w 06-10452, 06-10453)

SCOTTSDALE INSURANCE COMPANY    *    SECTION "F"

ORDER AND REASONS

Before the Court is plaintiff's motion to remand. For the reasons that follow, the motion is DENIED.

Shell Beach Literary Society, Inc. purchased an insurance policy through Scottsdale Insurance Company. The policy provided coverage for three dwellings at 1508 Yscloskey Road in St. Bernard, Louisiana: a private fishing club, a camp over the water, and a caretaker house. The policy insured the fishing club for $110,000, the camp for $60,000, and the caretaker house for $42,000. Hurricane Katrina damaged the three properties, so Shell Beach Literary Club filed claims under the policy. Shell Beach claims that Scottsdale denied its claims for damages, so Shell Beach filed three separate lawsuits in state court, one for each of the damaged properties covered under the policy. Scottsdale removed each lawsuit to this Court and then moved the Court to consolidate the cases as related. The three cases were consolidated on March 1,

1

2007.

      Shell Beach now moves to remand the consolidated case to state court, claiming that the amount-in-controversy requirement for federal jurisdiction is not met because each claim standing alone, when filed as separate lawsuits, is worth less than $75,000. To support its assertion, Shell Beach notes that in each of its three complaints filed in state court, it included the statement: "Plaintiff's claim is for less than $75,000." Scottsdale opposes the motion to remand, stating that plaintiffs attempted to circumvent federal jurisdiction by splitting their claims under one policy into three separate lawsuits. Scottsdale notes that the claims for damages under the policy at issue coupled with the plaintiffs claims for state law penalties exceed $75,000.

      Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v.

St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different. The Court is required to evaluate the jurisdictional amount at the time of removal. Defendants have thirty days from receipt of the initial pleading in which to remove a case from state court to federal court. 28 U.S.C. § 1446(b). This general rule applies when the pleading "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992). Shell Beach's petition, in conformity with Louisiana law, was silent regarding damages. When the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing party to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aquilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).

At the time of removal, Scottsdale, as the insurer, held the policy and had knowledge that its limits totaled $212,000. Shell Beach filed all three cases in state court on the same day. The lawsuits were identical and implicated the same policy, except that the address on each differed, representing each of the three dwellings covered under the policy. Scottsdale knew, as this Court knows now, that this case concerns one policyholder making claims

3

under one policy for damages occurring during one event.  Shell Beach's attempt to split their claims under one policy into three separate lawsuits does not mask the fact that the total amount for which Scottsdale could be held liable is $212,000 before considering state law penalties.  Shell Beach's questionable conduct attempts to undermine the defendant's right to invoke the jurisdiction of this Court under 28 U.S.C. § 1441 and, if allowed, would tax judicial resources unnecessarily, whether in this Court or in state court.

The Court finds that Scottsdale has met its burden for demonstrating that the amount-in-controversy requirement is met in this case, and, therefore, this Court has subject-matter jurisdiction to hear the case.  Accordingly, the plaintiffs' motion to remand is DENIED.[1]

New Orleans, Louisiana, August 2, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] It is unnecessary to address the plaintiff's claim that its stipulations regarding the amount in controversy contained in each of its three complaints leave this Court without jurisdiction.  Quite obviously, if plaintiff is to be believed, this case, according to plaintiff, is worth something less than the policy amount.